Very well, Ms. Booth, we'll hear from you first. Thank you, Your Honor. May it please the Court. This case examines the interplay between Minnesota's Open Enrollment Statute and the Individuals with Disabilities Education Act, often referred to as IDEA. The IDEA provides that every student is entitled to a free appropriate public education, or a FAPE, from their resident school district. Minnesota's special education law also requires that a student's district of resident provide that student with a FAPE. Who say that again? The second sentence, who provides the FAPE? Minnesota's special education law requires that the resident district, that is where the parent lives. The state law requires that. State law requires that the resident district always afford the student a FAPE. Under Minnesota's Open Enrollment Statute, any Minnesota student can attend a school district where they don't live, a non-resident district, as long as they are transported to the district boundary. The Open Enrollment Statute expressly states that the enrolling district, Osseo in this case, is not responsible to transport the student to the district. If the student requests transportation, Minnesota's Open Enrollment Statute requires that it happen within the boundaries of the enrolling district. Minnesota's special education rule 3525-0800 specifically states that for a student with a disability, transportation is within the enrolling district boundaries. It goes on to state that if a parent's income is below the poverty level, that parent can be reimbursed for transportation from their residence to the boundary. And finally, the rule says that the responsibility for transportation costs between the child's home and the boundary of the open enrolled district is subject determined by Minnesota statutes. But the question here is whether federal law requires something different. The question here is whether federal law requires something different. That is true. What do you say about that? Minnesota's Open Enrollment Statute does not enlarge a student's child with a disability's rights. Minnesota could have done that. It could have used that Open Enrollment Statute to say, child with a disability, you're going to have rights beyond what a resident student has. It did not do that. Get to a federal law, though. I'm sorry? Get to a federal law. You went back to Minnesota law in response to Judge Collins' question, I think. So the corollary to that is the Individuals with Disabilities Education Act doesn't contemplate open enrollment. This is purely a state statute that allows students to open enroll into a non-resident district. The district court's view, though, was once the state decides to allow that and a district accepts a student, then the district is responsible for providing the FAPE, including the full-blown transportation. Because the idea would be that the federal law requires the enrolling district to provide the FAPE. How would you deal with that? The premise, Your Honor, that the district court makes that we believe is an error is that the child was required to be in the OSSEO district in order to receive FAPE. She wasn't placed there by her IEP team. She wasn't placed there because she needed to be in OSSEO to receive a free appropriate public education. She had that available in her resident district. Don't you think federal law is silent on this? Federal law is silent on this aspect. And the right is granted to the student only because Minnesota has an open enrollment statute. And as this court said in both Timothy H. and the Fick case, a school does not violate either Section 504 or the Individuals with Disabilities Education Act when a parent asks for transportation. That's an exception to the general rule. The district court in this case said that once MB came to OSSEO, she was to be treated like a resident student. Well, OSSEO wouldn't transport a resident student outside of its boundaries unless the IEP team determined that was necessary. So in essence... You think the district court's just saying you just look at the FAPE and it says transportation and wherever that lands is Minnesota's problem? I think that is what the district court was saying. What's wrong with that? Just like in the Timothy H. case, this student has FAPE available as a matter of law in her resident district. But there the defendant was the district where the student was living, right? Correct. And so the court said if the student chooses to go to a different school than the district, the student has to pick up the tab for that because the district was already providing the FAPE. But the defendant here is the OSSEO district and it wasn't providing the FAPE otherwise. Well, we see the Timothy H. case to be very much analogous. The student in Timothy H. had FAPE available at High School A, also had FAPE available at High School B. Here, our student has FAPE available at Big Lake, one of the Minnesota districts, and it has FAPE available in OSSEO. She doesn't need to be transported to OSSEO in order to have a free appropriate public education. The district court erred when it determined that she needed transportation to OSSEO in order to get FAPE. Why did OSSEO accept her? It's a her, right? It's a her, yes. Go ahead. Why did OSSEO accept her? Because OSSEO must accept any student unless the program or grade level is full. And her grade level was not full, so they had no choice but to accept her. And they willingly accepted her with the caveat that, like any other student, she would be transported to the boundary. And then her FAPE would begin within the OSSEO district, just like it would be for any other student in that district. Is the requirement of accepting those, if you have space, does that somehow constructively amend any statute to the contrary in terms of mileage reimbursement? I guess the question doesn't make sense, so just go on. Well, Your Honor, it's a good point. The Minnesota special education rule specifically says if a parent is indigent, the enrolling district will reimburse. So it's contemplating that we're not going to transport students outside of the providing district, just like OSSEO would not provide transportation outside its boundaries for one of its own resident students. They may, though, right? Minnesota says they may transport? They may. And in most Minnesota school districts, they choose not to because it is such a Minnesota law, huh? I still have trouble grasping how we take a federal standard and apply it here. Because the federal statute, the Individuals with Disabilities Education Act, doesn't contemplate at all that a student might enroll in another district. It's not a federal right. Silent. It's silent as to that. But if the state creates that opportunity, then does the state basically buy into funding this transportation? No, Your Honor, because the state law doesn't enlarge what the rights are under the Individuals with Disabilities Education Act. Well, the state law, though, enlarges it in the sense that it says you can go to a district other than where you live. And if the federal law requires transportation from home to school, then the state effectively has expanded it. So the question is whether there's something in the federal law that would limit the district's responsibility to its own jurisdiction. The federal law is silent on that aspect. The federal law doesn't say that the child is entitled to transportation from home to school. It says to and from school. Individually. Individually to and from school. In her case, individually to and from school. To and from school. Where else would it be from if not where the kid is starting? Well, it's from in the Allegheny case that this court cites in Timothy H. It could be from mother's home within the resident district. It could be from father's home outside the district. It could be from a daycare that the child attends, as happened in Fick. And so what the district is doing here is not limiting the rights under the Individuals with Disabilities Education Act, but saying, just as the district court did, when you come to Osseo, as a student who's going to get FAPE here, you're going to get it within our boundaries, just like a resident student would. If you take the district court's analysis to its logical conclusion, it would allow, let's say the student had a parent who lived in another district, we would be transporting to that district as well. It's not the intent of the school districts or the NICI in this case to limit the rights of a child with a disability, but to use the resources that it has to educate the students who are part of their system within the boundaries of that system. Well, do you think Osseo has a duty to provide all the other elements of a FAPE other than transportation from the home to the car? Absolutely. Again, just like in Timothy H., FAPE was afforded in high school A and it was afforded in high school B. But why does Osseo have an obligation if the FAPE's available at Big Lake? Because once they accept her, they have to provide a free appropriate public education to her as a non-resident student. Big Lake remains her resident district, and this might be different than some of the sister states in the A circuit. But Big Lake also remains responsible for the cost. So they remain the resident district and they remain responsible for providing FAPE, and the student can access that FAPE at any time. It really isn't any different. So if this court were to say that the district court was right, or if the district court's ruling that Big Lake's going to have to fund the transportation? That's correct. And the school districts, Big Lake and Osseo, get some reimbursement, but they don't get full reimbursement for it. And as we say in our briefs, the other issue is you're transporting one child on one bus across several school districts, sometimes with a paraprofessional, and adding to that child's day, for one thing. Gosh, I get all your practical problems. I even get all the problems you have with the Minnesota law. I understand all those, but I still have trouble connecting it to the federal law. But the federal law gives us a neutral principle to apply to this case. That's what I'm trying to say. I would agree with you, Your Honor. I think where the district court erred is it determined that the child had to be in the Osseo district to get FAPE. The child was at the Osseo district only because her parent chose it. Well, I don't know, are you sure the district court said the child had to be in the Osseo to get FAPE, or did the district court just say that's a given? The child is in Osseo because state law allowed her to go there. And so she is there. That's just a given. And the question now is how does she get her FAPE? Well, she needs transportation to and from school. Why isn't that the way to look at it? That is how the district court looked at it. The problem with that analysis is it's based on a premise that she needs to be enrolled in Osseo to receive a free appropriate public education. This is a choice that the parent makes. Just like in the Timothy H. case, the parent made a choice of a different school, and the transportation requirement by that district was found by this court to be appropriate. Would you like to save any time? I would, please. Thank you. Very well. You may. Mr. Stewart, we'll hear from you. Your Honors, may it please the Court, my name is Dan Stewart. I'm an attorney and legal director of the Minnesota Disability Law Center, which is part of Minnesota Legal Aid, and we're the state's protection and advocacy system. I represent the student. With me here today is my co-counsel, Martin Holden, and also with me here today is the parent of the student. Your Honors, the district court was correct. The decision should be affirmed because state and federal law guarantee phone-free access to special education services listed on a student's IEP, even in cross-district open enrollment situations. Regardless of what it costs or where it is, right? Judge, that's correct. But surely the district court's wrong in its footnote 7 when the district court says the fact that MNB may also have been able to receive a FAPE in her home district is irrelevant. I don't think that's irrelevant at all. No, Judge, I do think it is irrelevant, and here's why. Now, you mean legally irrelevant? It's not factually irrelevant. Well, I think it's both legally and factually irrelevant. Oh, okay. This will be a real test of you. Show me how factually irrelevant. Yeah, and here's why. So, first of all, the federal law requires, as you mentioned, the neutral principle of providing FAPE. In Minnesota law, that is once a student enrolls in a different district, the FAPE responsibilities of the resident district are extinguished, and then the new district, the enrolled district, maintains and has to bear the responsibility of FAPE. And I also think it's important to look at the record here, because in the record there's no evidence of Big Lake offering FAPE. The student is not enrolled in Big Lake. There's no prior witness. I thought throughout this proceeding it had been assumed that FAPE, you know, it's not a great standard. It's an adequate standard. The courts have said, we've said. I thought throughout it had been assumed that, yes, she was getting FAPE at Big Lake. Are you saying now that's not true? Go ahead. No, you can go ahead. One question at a time. Yeah, but I thought you might be sharpening it. So please tell me that. So, Judge, I think the underlying reason is that we have no offer of FAPE from Big Lake. This is merely a hypothetical offer. She was getting FAPE at Big Lake, right? Wasn't the student getting FAPE at Big Lake? In previous school years, but once the student enrolled in a different district into Osseo, Osseo became responsible for providing FAPE. And I think that really if we look at whether or not there's a concurrent offer of services, as the district would have you believe, between Osseo and Big Lake, there is no concurrent offer of services. In fact, we have no offer of FAPE. Because in Big Lake, we have no IEP, we have no prior written notice, we don't even have enrollment. There's no obligation with regards to FAPE. That's just because the parents moved the child. But if the parents had kept the child there, then Big Lake would have had to go through the IEP process. Certainly. Yeah. What about the fact that the federal statute says the local education agency in providing for education of children with disabilities within its jurisdiction must have, in effect, procedures that are consistent with Section 1412? Is that significant, that the federal statute refers to children within the jurisdiction of the LEA? Yes, Judge, I think it does. I also think that if we look at Minnesota statutes, for example, 125A.03, that Minnesota law says every district must provide special education services either within the district or another district. And additionally, we have a situation where Minnesota rules, 3525.0800, specifically allocate the responsibility of FAPE on the open enrolled district. What do you think Congress meant by the word jurisdiction? That's what we're concerned about. You all keep telling us Minnesota stuff. What did Congress mean when they said a child within its jurisdiction? I think it's important to remember the governing principle that a student has to have access to a free, appropriate public education. And the jurisdiction is one way of allocating what jurisdiction actually has that FAPE responsibility. So here in Minnesota, by effect of Minnesota Rule 3525. . . Proceed. Okay. So that's the overall point. Well, do you think Congress meant we're not going to saddle these districts with any costs beyond the scope of their jurisdiction, which would be consistent with the district's position here, that we're responsible for within our jurisdiction getting the child to and from school, but not outside our jurisdiction? Yes, Judge. Do you think that's what Congress meant when they framed it that way? Well, I think Congress meant that, but it also provided exceptions for states to determine what works in their states. And that's exactly what we have here. But I also think that . . . Can you rephrase that? I'm sorry. You say that about the states having flexibility, but why would a state allow open enrollment if it were going to trigger all these costs? Because it wants to ensure FAPE. And I think that's the underlying purpose. Minnesota statutes clearly think that there won't be additional costs for transportation in this situation. Right. And I think there's a couple of things that are going on there, of course. So if you look at the Minnesota statutes that I play here, there's 127A.47 that talks about cost calculations, special education cost calculations, 123B.92 that talks about definitions. But importantly, we also have repeated state legislative appropriations to ensure that districts receive funds for this particular type of service. So one way of thinking about it is that the Minnesota law is making sure that students do not have to bear the burden of a free, appropriate public education, and that's exactly what LCO is doing here. They're putting that responsibility onto the parent. Because the parent chose to go outside of where the child lives. Judge, the parent selected an option, but I think it's also in state law with the Minnesota open enrollments process, but I think it's also important to know that once the parent selected the district, ASIO selected the school. And so once we have ASIO selecting the school, we're simply trying to get access to that school through a free, appropriate public education through specialized transportation. Well, there's an old saying as well, one of the old sayings, it's not the money, it's the principle of the thing. What's the principle here, or is it really it's the money? What's the principle? I guess you've been making the point. The principle is what? The principle for us is access to a free, appropriate public education. This child could have gotten where she lived, I guess. At least there's no showing that she couldn't have, isn't there? No, there's no showing. She could have gotten a better one perhaps here, but under Minnesota law or federal law, is the student entitled to upgrade, as it were, to get better by going to Exeter rather than Dolan South Dakota High School? Well, so I think the one main thing here is that from my perspective, the overriding principle is access to a free, appropriate public education. Well, that's true, but... But what we're also trying to get at is that... If you need to state, then your conclusion is easy from your standpoint, but I'm thinking we have to think about... I'm sorry. Go on. So I think our overall point is that in a very broad meaning of the word choice, the parent has selected the Osceola School District, but I think it's also important to look at the record. When we're talking about whether or not there was a concurrent offer of FAPE, in the record there was none. Big Lake is not offering this. The district would have you believe that Osceola has this offer of FAPE ready to go, but we don't have anything in the record to actually get, and I think the law requires more than the hypothetical offer of FAPE, but we need to have a real offer of FAPE, and that's... There's document 30 in the record. Which school district is that by? Excuse me? There's document 30 in the record. That's a district court docket number. It's what I've been looking at as the FAPE, the basic program. Who wrote that? Judge, I believe that would be the Osceola School District. Thank you. It is October 16th. I probably should have told you that. Fifth grade. Yes. Go ahead. Yes, and furthermore... I'm assuming that. Go ahead. Right, and just to have a little bit of clarity with that document, it's really a District 287 wrote that document, and Osceola basically contracted with District 287 to perform its FAPE responsibilities. That district, by the way, has services for the student, and that location of services is also outside of the Osceola District, and we're asking for transportation from home to the school. Judges, I want to refer to the idea of special education transportation as a related service. And when we're talking about one of the framing principles, if we look at the Garrett F case and the Rivian v. Tatro case, those cases really have to do with ensuring meaningful access to FAPE for related services. And when we're thinking about transportation as a related service, that's part and parcel of FAPE, and that's why we think it falls squarely within that type of rationale. So we're trying to ensure access to FAPE by the full and free provision of this related service. Judges, I really think that when we look at this underlying case... You have any concern that if you win this case, the state will change its open enrollment rules in order to avoid these additional costs being placed on receiving districts? Well, first of all, I don't think that this is really additional cost, because, again, we have state appropriation for these funds, and this has been the practice of Minnesota law for quite a long time. So I don't think there's a really new additional cost. Can you explain that? I thought counsel said there's some funding, but it wouldn't cover the entire cost. Right, and I think that in the broad budget picture, there are always going to be some funds for special education services that are not funded by any source. But the Minnesota legislature has repeatedly and specifically funded this particular type of cost. You mean subsidized? Essentially subsidized. Or reimbursement, whatever the parlance was. I'm trying to distinguish between full payment and partial payment. Are you getting my point? Yes, I am. I think it's a partial payment system, right? It is a partial payment system, but that's very similar to... How can you say there's no additional cost? No additional... There's no additional cost. No additional cost from past practice, because this is the way it has been for many, many years. And so this has been the legislative structure for a while, and to answer your previous question, I think it is a possibility that the legislature or the Department of Education could change the regulatory structure. That's part of the process, and that's how we got to these laws and rules to begin with. So that is a possibility we have concerns about, but that's really the judgment that Minnesota legislature... Yeah, it's a policy question, not really a legal question. I would also maintain that if there are additional costs, the Osceola District is free to lobby the legislature for additional costs to address the partial issue. They can say to the legislature, you funded this, but you haven't funded enough. You can do that. But the point is that the parent should not bear the burden of a free, appropriate public education. Well, why is that such an injustice if they had the option to stay in their own district? Because this is something that's guaranteed to other students in Minnesota. And also I want to point out that this is not just for all kids. What's guaranteed to other students in Minnesota? I'm sorry, can you repeat? What is guaranteed to other students in Minnesota? Excuse me, the right to use the open enrollment process. So just like any other student can... Yeah, but wouldn't other students have to drive their own way to the other district and pay their own way? Right. But what the differentiating factor here is that this student's IEP team determined that specialized transportation was necessary for her to access a free, appropriate public education. That's not unlike all the other students. Judges, I believe I've made the points I want to make. I have no other primary points to make, but I have a couple of minutes left for any questions. All right, you're not required to use it all. If you wish to close, you may. Or you may just finish at that point. Judges, in closing, federal and state law guarantee full and free access to special education services included in a student's IEP, even in open enrollment, cross-district transportation situations. We respectfully ask this court to affirm the district court. Thank you. Very well. Thank you, Mr. Stewart. Ms. Booth, we'll hear from you in rebuttal. Thank you. The school district is not making an argument that there are concurrent offers of FAPE available or a free, appropriate public education. We're saying as a matter of law, the Big Lake Public School District was required to provide FAPE to this student. So she had FAPE, again, circling back to Timothy H., in school A and in school B. So the argument that there was no offer from Big Lake of FAPE is really a red herring because Big Lake, as a matter of law, must always stand ready to provide her with a FAPE. And there's nothing in this record to suggest that Big Lake wasn't ready to do that. The point that Your Honors made about the LEA, the local education agency, the Individuals with Disabilities Education Act, the federal statute says the state has to, through its local education agencies, has to ensure that students have a free, appropriate public education available. It's a state obligation. And again, this child had FAPE available in her home district and in any district throughout Minnesota where she chose to enroll. Was it just a state obligation or is it also a local obligation? Doesn't 1415A say if a local agency receives federal funds? It does indeed. And Minnesota's law tracks that to say the resident district is responsible for providing that. Our point really here is that the parent chose this as an option and as a result, because IDEA does not require transportation to the open enrolled school district, she wasn't entitled to that. How much money are we talking about here? What's the annual cost of transporting this child from the home to the border, the boundary? Do you know? I don't know offhand. It may be in the briefing. Is footnote four of the district court's right or wrong? Are you familiar with footnote four, the district court's opinion? I didn't bring it up with me. Can you read it to me? I'm happy to look at it. You can proceed with your argument. I agree with you that footnote seven that says whether this child's resident district stands ready is not relevant. It's certainly relevant. It's the issue in this case. The last point is that you asked Mr. Stewart if the parent wins, will the state change open enrollment? I know you are mindful of the fact that Missouri, Nebraska, Arkansas, Iowa, South Dakota, North Dakota, all within the circuit have open enrollment. But greatly different statutes, counsel. Be careful. Greatly different statutes. Different statutes, but... Huge areas of the state are completely different. That's true, but all requiring that the parent transport the child to the boundary. Missouri statute even says if the child is more than 10 miles away from the enrolling district, you may not enroll. We ask that the court overturn the district court. Thank you. Very well. Thank you for your argument. Thanks to both.